

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,938-01

### EX PARTE LAMAR SIMPSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 10356-1 IN THE 82ND DISTRICT COURT FROM FALLS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of assault causing bodily injury, family violence, and sentenced to 9 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. The record forwarded to this Court appeared, however, to be incomplete. Specifically, an argument and a citation at the bottom of Page 10 of the Article 11.07 Writ Application Form (Page 17 of the writ record) appeared to cut off mid-sentence, suggesting that another page (most likely Page 11 of the Article 11.07 Writ Application Form) should have followed. The district clerk's pagination did not indicate that any pages were missing, but Pages 11 through 14 of the Article 11.07 Writ Application Form were not included in the record forwarded to this Court.

On Dec. 11, 2020, this Court ordered the district clerk to either forward to this Court the

page(s) that appeared to be missing, or to certify in writing that the page(s) were not part of the record. The district clerk was ordered to comply within thirty days.

As of this date, this Court has received no response from the district clerk. Accordingly, we remand this case to the district court. Specifically, the trial court shall make findings as to whether Applicant included any part of Pages 11 through 14 of the Article 11.07 Writ Application Form when he filed his application. If the trial court determines that Applicant did not include any of those pages, then the court shall enter findings so stating.

If the trial court determines that Applicant included some part of Pages 11 through 14 of the Article 11.07 Writ Application Form when he filed his application, the court shall enter findings so stating. Further, the trial court shall order the district clerk to supplement the record with those pages. The court shall also enter findings and conclusions as to whether the content of the pages affects the findings and conclusions entered on Oct. 15, 2020. If the trial court determines that the pages affect its previous findings and conclusions, then the court shall enter supplemental or amended findings and conclusions addressing the application.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, any part of Pages 11 through 14 that Applicant included when he filed his Article 11.07 Writ Application Form; any affidavits, motions, objections, and proposed findings and conclusions; and any supplemental or amended findings and conclusions, and orders; and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 12, 2022
Do not publish